The Honorable Steve Ehlmann Representative, District 19 State Capitol Building, Room 201E Jefferson City, Missouri 65101
Dear Representative Ehlmann:
This opinion letter is in response to your question asking whether a warrant of arrest issued in St. Louis County by an associate circuit judge of St. Louis County to any peace officer of the State of Missouri can be executed and served in St. Charles County without complying with Section 544.100, RSMo. We assume your question relates to an arrest in St. Charles County by a law enforcement officer who has jurisdiction in St. Charles County.
Section 544.100, RSMo 1986, provides:
 544.100. Arrest in another county — procedure. — If the person against whom any warrant granted by an associate circuit judge mayor or chief officer of a city or town shall be issued, escape or be in any other county, it shall be the duty of any associate circuit judge authorized to issue a warrant in the county in which such offender may be or is suspected to be, on proof of the handwriting of the associate circuit judge issuing the warrant to endorse his name thereon, and thereupon the offender may be arrested in such county by the officer bringing such warrant, or any officer within the county within which the warrant is so endorsed; and any such warrant may be executed in any county within this state by the officer to whom it is directed, if the clerk of the county commission of the county in which the warrant was issued shall endorse upon or annex to the warrant his certificate, with the seal of said commission affixed thereto, that the officer who issued such warrant was at the time an acting officer fully authorized to issue the same, and that his signature thereto is genuine.
In United States v. Rose, 541 F.2d 750 (8th Cir. 1976), the defendant challenged admission in a federal case of a confession he made while in state custody. The defendant was in custody following arrest pursuant to a warrant issued in Randolph County but served in Jackson County. The court stated:
 . . . the warrant was issued and placed in the hands of [Randolph County] Sheriff Price for service. The warrant was to be served in Jackson County; in such circumstances the warrant should have been authenticated by the Clerk of the County Court of Randolph County or it should have been presented prior to service to a magistrate in Jackson County for endorsement. V.A.M.S. § 544.100. Neither of those steps was taken.
Id., 541 F.2d at 754. The court found it unnecessary to rule whether the arrest was pursuant to a valid warrant.
 It is firmly established that peace officers, including Missouri officers, may validly and constitutionally make an arrest without a warrant where probable cause exists to believe that the person to be arrested has committed a felony. . . . Where probable cause for a warrantless arrest exists, the arrest is not invalidated because it was made pursuant to a warrant that turned out to be invalid. [Citations omitted.]
Id., 541 F.2d at 756. The court observed that at the time the defendant was arrested, officers knew several men had been involved in a bank robbery, one man had confessed and implicated the defendant, the defendant had been overheard admitting his involvement, and photographic identification had connected the defendant to the robbery. This knowledge was "sufficient to constitute probable cause for the defendant's arrest." Id.
In State v. Kerr, 531 S.W.2d 536 (Mo.App. 1975), the court stated:
 Case law has established that when a law enforcement agency or officer requests another such agency or officer to arrest a suspect on a particular charge, the arresting agency or officer then has probable cause to sustain the validity of the arrest; that validity of the arrest is determined by existence of probable cause for the arrest in the demanding authority, and invalidity of an existing arrest warrant does not render an arrest invalid when the arresting and demanding authorities otherwise have probable cause for the arrest.
Id., 531 S.W.2d at 540.
You have not provided us with specific pertinent facts. Moreover, it is not appropriate for this office to make a judicial determination as to whether a particular arrest is valid.
However, based on the discussion in United States v.Rose, supra, we conclude that an arrest can be made in St. Charles County based on a warrant issued in St. Louis County without complying with Section 544.100, so long as the circumstances demonstrate probable cause to support an arrest without a warrant.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General